UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MATTHEW JAMES STEWART,

    Defendant.

Case No. 2:10-cr-00564-LDG (VCF)

<u>ORDER</u>

    The defendant, Matthew Stewart, pled guilty to two counts of distributing a controlled substance in violation of 21 U.S.C. §841(a)(1). As Stewart had two prior felony convictions for controlled substance offenses, he qualified as a career offender. While the advisory guideline range for Stewart's sentence was 151 - 188 months, the Court departed downward and sentenced him to a term of 120 months incarceration.

    Stewart now moves (ECF No. 82) the Court to correct his sentence pursuant to 28 U.S.C. §2255. He argues that the "residual clause found in the career offender provision is unconstitutional," that this Court erred in finding that the low purity of the controlled substance mixtures he sold to undercover officers was not relevant in determining drug quantity, that his counsel was ineffective for failing to argue that the purity should have been limited to the usable mixture, and that he is eligible for a sentence reduction pursuant

to Amendment 782. Because none of the grounds has merit, the Court will deny his motion.

**Analysis**

<u>Residual Clause</u>: Stewart argues that the residual clause in the career offender guideline is unconstitutional. The ground is not only incorrect but is irrelevant. The residual clause is found in the definition of "crime of violence." The Court, however, determined that Stewart was a career offender because, as he conceded, he had two prior felony convictions for controlled substance offenses, not for crimes of violence. The definition of "controlled substance offense," which is found at § 4B1.2(b) of the Sentencing Guidelines, does not have a residual clause. Accordingly, this ground for relief is without merit.

<u>Purity of the Controlled Subtance Mixture</u>: In his second ground for relief, Stewart argues that this Court erred in ignoring the purity of the mixture containing the controlled substance in determining the quantity of that mixture under the Sentencing Guidelines. As noted by the government, and conceded by Stewart both in his motion and his reply, he raised this issue on direct appeal. In his reply, Stewart argues that his § 2255 motion raises a different issue: whether his counsel was ineffective for failing to raise the "usability" aspect of the purity argument at sentencing.

Stewart's reply indicates that his second ground for relief is not a separate ground for relief, but is context for his ineffective assistance of counsel claim that he has offered to show his counsel's performance was deficient and that he was prejudiced. Accordingly, as Stewart concedes he raised the issue of low-purity, including his "usability" argument," in his direct appeal, and as Ninth Circuit disposed of that issue, the Court will deny this ground for relief.

<u>Ineffective Assistance of Counsel</u>: In his third ground for relief, Stewart argues his counsel was ineffective for failing to argue, to this Court at sentencing, that the drug quantity should have been measured by its usable quantity.

The right to effective assistance of counsel is the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing. *Strickland v. Washington*, 466 U.S. 668, 685 (1984). When a true adversarial criminal trial has been conducted, even if defense counsel has made demonstrable errors, the requirements of the Sixth Amendment have been met. *United States v. Cronic*, 466 U.S. 648, 656 (1984). Counsel is presumed competent. As such, the burden rests on the defendant to establish a constitutional violation. *Cronic* at 658.

To obtain reversal of a conviction, petitioner must prove (1) that counsel's performance was so deficient that it fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense to such a degree as to deprive the defendant of a fair trial. *Strickland*, 466 U.S. at 687-88, 692 (1984). To establish deficient performance under *Strickland*, it must be shown "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. *Id.* at 687. The right to effective counsel extends to sentencing hearings.

This ground for relief is without merit as it is contrary to the record. At Stewart's sentencing hearing, counsel argued that the low purity of mixture was relevant to determining Stewart's non-career offender guideline range. He further argued that this non-career offender range (determined based upon the low purity of the mixture) was relevant to determining a career offender sentence that was "sufficient, but not greater than necessary" under § 3553(a). Stewart is correct that his counsel did not raise, as part of his low-purity argument, the specific argument that the relevant drug quantity was the "usable" amount of mixture at his sentencing. Rather, counsel argued, as part of his low-purity

3

argument, the argument that the relevant drug quantity was the "actual" amount of controlled substance, without any reference to the mixture in which it was contained.

Stewart is incorrect, however, in his assertion that his counsel attempted to raise the "usability" argument in his direct appeal, but that the attempt was unsuccessful because the Ninth Circuit ruled that the argument was waived. Rather, his counsel not only raised the issue on appeal but the Ninth Circuit considered the argument on its merits. While the Ninth Circuit noted that this Court had not analyzed usability because counsel had not raised it at sentencing, it nevertheless stated that it "strongly suspect[ed] . . . that the GHB mixture was unusable, which would have a significant effect on Stewart's non-career offender guidelines range." The panel further concluded, in agreement with counsel's arguments, that "the purity or diluteness of a drug mixture can be a relevant factor for determining whether a sentence is 'sufficient, but not greater than necessary' under § 3553(a)" and that this Court "was incorrect to presume otherwise."

In sum, the Ninth Circuit did not find that the "usability" argument was waived, but considered that argument and indicated its belief the argument was meritorious, and concluded this Court had erred in not considering purity to be relevant. Nevertheless, the Ninth Circuit denied Stewart's appeal, even though this Court had erred regarding the relevance of purity in determining drug quantity. The Ninth Circuit "affirm[ed] the reasonableness of Stewart's sentence under the totality of the circumstances" because "Stewart was indisputably a career offender, and [this Court] correctly calculated his applicable guidelines range and otherwise evaluated the relevant factors in sentencing him to a below-guidelines sentence." As Stewart cannot show he was prejudiced by his counsel's failure to raise the "usability" argument in presenting his "low purity" argument, the Court must deny his third ground for relief.

Amendment 782: Stewart argues that, as he is no longer a career offender (pursuant to his first ground for relief), he should receive the benefit of the two-level

4

reduction pursuant to Amendment 782. The ground for relief is without merit because Stewart is incorrect in his assertion that he is not a career offender.

**Certificate of Appealability**

To appeal this order, Stewart must receive a certificate of appealability. 28 U.S.C. §2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22-1(a). To obtain that certificate, Stewart "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quotation omitted). Given that Stewart's grounds for relief rely on irrelevant arguments or facts contrary to the record, the Court will deny his request for a certificate of appealability.

THE COURT **ORDERS** that defendant Matthew James Stewart's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF No3 82) is DENIED.

THE COURT FURTHER **ORDERS** that defendant Matthew James Stewart's request for Certificate of Appealability is DENIED.

THE COURT FURTHER **ORDERS** that the Clerk of Court is directed to enter a separate civil judgment denying defendant Matthew James Stewart's § 2255 motion. The Clerk also shall file this order and the civil judgment in this case and in the related civil case number 2:15-cv-01753-LDG-VCF.

DATED this ___ day of October, 2018.

_____
Lloyd D. George
United States District Judge